UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANIEL MILLER,

                            Plaintiff,

                                                MEMORANDUM & ORDER
            -against-                           14-CV-3823(JS)(WDW)

MICHAEL J. SPOSATO, SHERIFF OF NASSAU
COUNTY; ASSISTANT DEPUTY UNDERSHERIFF
HESSE, ACTING CHIEF ADMINISTRATIVE
OFFICER; and THOMAS BEILEIN, CHAIRMAN,
NEW YORK STATE COMMISSION OF
CORRECTIONS,

                            Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:          Daniel Miller, pro se
                        # 12003565
                        Nassau County Correctional Center
                        100 Carman Avenue
                        East Meadow, NY 11554

For Defendants:         No appearances.

SEYBERT, District Judge:

        On June 18, 2014, pro se plaintiff Daniel Miller

("Plaintiff"), who is currently incarcerated in the Nassau County

Correctional Center ("NCCC"), commenced this action pursuant to 28

U.S.C. § 1983 by filing a Complaint, accompanied by an application

to proceed in forma pauperis and an Order to Show Cause.  The

Complaint--brought against defendants Michael J. Sposato, Sheriff

of Nassau County; Assistant Deputy Undersheriff Hesse, Acting

Chief Administrative Officer; and Thomas Beilein, Chairman of the

New York State Commission of Corrections (collectively,

"Defendants")--appears to allege that Defendants violated his constitutional rights under the Eight and Fourteenth Amendment of the United States Constitution when they denied Plaintiff's request to be "alternatively hous[ed]" in a different facility. (See generally Compl.)

The Complaint requests a judgment: (1) declaring that Plaintiff's "continued imprisonment in the NCCC" constitutes a violation of the Eight and Fourteenth Amendments; (2) declaring that Defendants failed to ensure Plaintiff's reasonable safety, in violation of the Eight and Fourteenth Amendments; and (3) granting a preliminary and permanent injunction directing Defendants "to alternatively house plaintiff in a substitute jail . . . ." (Compl. § VIII.) The Order to Show Cause seeks, inter alia, a preliminary injunction "directing . . . the defendants to designate a substitute jail for the plaintiff to be housed in pending the trial of this action . . . ." (Order to Show Cause at 1.)

Although Plaintiff has been denied in forma pauperis status due to the "three-strikes" rule pursuant to 28 U.S.C. § 1915(g), the Court finds that Plaintiff has alleged that he is "under imminent danger of serious physical injury" and therefore may proceed with this action in forma pauperis. See Gssime v. Bray, No. 09-CV-5674, 2010 WL 3119416, at *2 (E.D.N.Y. Aug. 3, 2010) ("To facilitate Congress's intention the PLRA contains a three-strikes rule that bars prisoners from proceeding IFP if they

2

have a history of filing frivolous or malicious lawsuits unless the exception for imminent danger applies." (internal quotation marks and citation omitted)). Specifically, Plaintiff alleges that staff members at the NCCC have repeatedly assaulted him and encouraged other inmates to stab Plaintiff. (See generally Compl.; Decl. of Emergency.) Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. However, for the following reasons, Plaintiff's Complaint and his accompanying requests for emergency relief are sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) (i-iii); 1915A(b).

DISCUSSION

I.   <u>28 U.S.C. § 1915</u>

Section 1915 of Title 28 of the United States Code requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B) (i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Additionally, courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the

3

pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009)).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citations omitted).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555).

II.  28 U.S.C. § 1983

Section 1983 provides that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at

4

least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v.. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. Farid v. Elle, 593 F.3d 233, 249 (2d Cir. 2010). "Because vicarious liability is inapplicable to . . . [Section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. Rivera v. Fischer, 655 F. Supp. 2d 235, 237 (W.D.N.Y.2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney,

360 F. App'x 199 (2d Cir. 2010). However, a supervisory official can nonetheless be held liable if he "participated directly in the alleged constitutional violation [or] . . . created a policy or custom under which the unconstitutional practices occurred, or allowed the continuance of such a policy or custom." <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995).

Here, to the extent that Plaintiff seeks relief for the alleged physical assaults or other actions committed by NCCC staff members, the Complaint fails to state a claim against Defendants because Plaintiff does not allege that any of Defendants were personally involved in such actions. The Complaint also fails to allege that any of Defendants created a policy or custom under which the alleged actions committed by NCCC staff members occurred.

Additionally, to the extent that Plaintiff seeks relief arising out of Defendants' denial of Plaintiff's request for a transfer to a different prison facility, the Complaint also fails to state a claim. Plaintiff has no constitutional right to be confined in any particular state or correctional facility. <u>See</u> <u>Olim v. Wakinekona</u>, 461 U.S. 238, 248, 103 S. Ct. 1741, 75 L. Ed. 2d 813 (1983). Thus, Plaintiff fails to state a plausible claim for a transfer to a "substitute jail." Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE and Plaintiff's Order to Show Cause is DENIED.

<u>CONCLUSION</u>

For the foregoing reasons, the Complaint is DISMISSED WITHOUT PREJUDICE. However, Plaintiff is GRANTED leave to file an amended complaint that corrects the pleading deficiencies against Defendants or attempts to state claims against the NCCC staff members Plaintiff claims have violated his constitutional rights. Additionally, Plaintiff may, if appropriate, seek injunctive or other necessary relief against individual NCCC staff members and other appropriate defendants. If Plaintiff chooses to do so, he must file an amended pleading within thirty (30) days of the date of this Memorandum and Order.

Given Plaintiff's <u>pro</u> <u>se</u> status, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore <u>in</u> <u>forma</u> <u>pauperis</u> status is DENIED for purposes of an appeal. <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the <u>pro</u> <u>se</u> Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    June   20  , 2014
          Central Islip, New York